# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 22-10018
Summary Calendar

---

Steven Rolan,

*Plaintiff—Appellant*,

*versus*

Lasalle Southwest Corrections; Bryan Gordy, *Administrator Warden*; Kris Wusterhausen, *Doctor*; K. Dykes, *Registered Nurse*; NFN Weatherspoon, *Ms, Physician Assistant*; K. Flud, *LVN*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-2842

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Stephen Rolan, Johnson County Jail inmate #201901143, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10018

42 U.S.C. § 1983 complaint with prejudice for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). By moving to proceed IFP, Rolan challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Rolan asserts that he should be permitted to proceed IFP because he is a pauper. Even affording his pleadings very liberal construction, he does not renew his claims, address the reasons for the district court's dismissal, or brief any substantive argument that his appeal involves a nonfrivolous issue. He has therefore abandoned any such argument. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Rolan has failed to identify any issue of arguable merit, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also* 5TH CIR. R. 42.2. His motion for the appointment of counsel is also DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982)

The district court's dismissal of Rolan's complaint and our dismissal of his appeal both count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 538-39 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*, 575 U.S. at 537; *see also* § 1915(h). Rolan is WARNED that, if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).